IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00467-BNB

THARRON BROWN,

Applicant,

v.

SARA M. REVELL, Warden,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 2 2009

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Tharron Brown, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Brown has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As relief, he asks for habeas corpus relief, i.e., to have his incident reports expunged, and for civil rights relief, i.e., to be transferred immediately to a lower-custody facility, and for money damages.

The Court must construe the application liberally because Mr. Brown is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brown will be ordered to file an amended application.

The Court has reviewed the application filed in this action and finds that the claims Mr. Brown asserts are not habeas corpus claims. "The essence of habeas

corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Brown is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Brown complains that he was not transferred to a lower-security facility and instead is being housed in a high-security facility where he believes his life is in danger because he is being housed with violent inmates.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, the claims Mr. Brown raises in this action properly should be asserted in a separate civil rights action. If Brown wishes to pursue this action, he will be directed to file an amended application that asserts habeas corpus claims. Accordingly, it is

ORDERED that Applicant, Tharron Brown, is directed to file **within thirty (30) days from the date of this order** an amended application that asserts habeas corpus claims. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brown, together with a copy of this order, two copies of the following form to be used in submitting the amended application to the Court: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Brown fails to file an amended application as directed within the time allowed, the application will be denied and the action will be

dismissed without further notice. It is

FURTHER ORDERED that if Mr. Brown wishes to pursue the claims asserted in this action, he must initiate a separate civil rights action. The proper, Court-approved forms for filing a civil rights action are available from the clerk of the Court.

DATED March 12, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00467-BNB

Tharron Brown
Reg No. 33493-013
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 3/12/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk